UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:   Case No.: 17-24676 (KCF)

BIJEN A. PATEL   Chapter: 7

Chief Judge: Kathryn C. Ferguson

### NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

John M. McDonnell, Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

| Address of the Clerk: | United States Bankruptcy CourtOffice of the Clerk Clarkson S. Fisher USCourthouse 402 East State StreetTrenton, NJ 08608 |
|---|---|

If an objection is filed, a hearing will be held before the Honorable Kathryn C. Ferguson on May 29, 2018 at 10 a.m. at the United States Bankruptcy Court, courtroom no. 2, U.S. Bankruptcy Court 402 E. State Street, Trenton, NJ (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

| Nature of action: | Trustee's claims *see* Adv. Proc. Nos.17-01745 (KCF) & 17-01746 (KCF) |
|---|---|

Pertinent terms of settlement:

Following good faith negotiations, John M. McDonnell, not individually or personally but as the chapter 7 trustee (the "Trustee") for the estate for Bijen A. Patel, the chapter 7 debtor (the "Debtor"), in the above captioned case, and a defendant, and Priti Patel ("Defendant Priti") and Jigneshl Patel ("Defendant Jignesh" and together Defendant Priti, collectively the "Insider Defendants"). The Debtor and the Insider Defendants, are collectively defined herein as the "Defendants." The Defendants and the Trustee are collectively defined herein as the "Parties." The Parties desire to settle certain claims the Trustee asserts against the Defendants, to avoid further costs of litigation on the terms set forth in a Stipulation and Consent Order (as defined below).

The Trustee, proposes, through his motion (the "9019 Motion"), and application filed in support thereof, for entry of an order approving the proposed stipulation and consent order (the "Stipulation and Consent Order") between the Trustee and the Defendants, and granting related relief, pursuant to section 105(a) of Bankruptcy Code, and Bankruptcy Rule 9019. *See* Docket No(s). 11&14. Interested parties should refer to the 9019 Motion and the documents filed in support thereof, including, the Stipulation and Consent Order, for the complete and detailed substance and information thereof.

By way of brief summary, the Trustee has asserted the estate's rights to avoid certain transfers to the Insider Defendants, pursuant to, among other things, sections 502, 541, 542, 544, 548, and 550 of the Bankruptcy Code and applicable state law. The Trustee also filed a complaint against the Debtor, seeking, among other things, to object to the Debtor's discharge, pursuant to section 727 of the Bankruptcy Code. The Defendants have filed answers and asserted various defenses.

The Trustee and Defendant have reached a proposed agreement on the resolution of issues. The Stipulation and Consent Order is subject to approval by and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date"). The Defendants shall pay to the Trustee the sum of $65,000 (the "Settlement Funds") by April 30, 2018 (the "Settlement Payment Deadline"). The Defendants shall have 3 days from Settlement Payment Deadline to cure a failure to timely pay the Settlement Funds on or before the Settlement Payment Deadline, or a Consent Judgment in the amount of $200,000 shall be entered jointly and severally against the Defendants. The parties also exchange certain claim waivers.

The Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may have against third parties. The Trustee, in his business judgment, believes that such settlement is in the best interest of the estate and its creditors because such payment may produce a distribution to unsecured creditors, without the uncertainty and length of potential litigation.

Objections must be served on, and requests for additional information directed to:

| | |
|---|---|
| Name: | McDonnell Crowley, LLC |
| Address: | 115 Maple Ave., Red Bank, NJ 07701 |
| Telephone No.: | (732)383-7233 |

*rev.8/1/15*