McDonnell|Crowley

May 25, 2018

*Via E- Mail and ECF*

Honorable Kathryn C. Ferguson
United States Bankruptcy Court
District of New Jersey
Clarkson S. Fischer Courthouse
402 E. State Street
Trenton, NJ 08608

    RE: *In re Bijen A. Patel*, **Case No. 17-24676 (KCF);**
       *McDonnell v. Patel*, **Adv. Proc No. 17-01745 (KCF);**
       *McDonnell v. Patel et al.*, **Adv. Proc. No. 17-01746 (KCF); and**
       **Additional Support to Chapter 7 Trustee's 9019 Motion**
       **(Main Case Docket No. 44) and Response to Objection by**
       <u>**Itria Ventures LLC (Main Case Docket No. 55)**</u>

Dear Chief Judge Ferguson:

  Please accept this letter filed on behalf of John M. McDonnell, the plaintiff and the chapter 7 trustee (the "Trustee") for the estate of Bijen A. Patel, the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, in lieu of a more formal memorandum in further support of the Trustee's motion (the "9019 Motion")[1] for entry of an order (i) approving a proposed agreement (the "Settlement Agreement") between the Trustee and Priti Patel ("Defendant Priti") and Jignesh Patel ("Defendant Jignesh" and together with Defendant Priti, collectively the "Insider Defendants") and the with the Debtor and the Insider Defendants collectively defined herein as the "Defendants," and (ii) granting related relief, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Trustee's response to the *Objection to Trustee's Motion to Approve Settlement filed by Itria Ventures LLC*[2] (the "Itria Objection") filed by Itria Ventures LLC ("Itria").

  The Trustee respectfully submits that the Itria Objection provides no substantive support for denying the relief sought in the 9019 Motion. Namely, the Itria Objection provides no information for its contention the Trustee could have secured a higher settlement amount or Itria's claim that certain disputed assets have the higher and unsubstantiated valuation.

---

[1] *See* Main Case Docket No. 44.
[2] *See* Main Case Docket No. 55.

115 Maple Avenue
Red Bank, NJ 07701
732-383-7233|Phone
732-383-7531|Fax
www.mchfirm.com

**The Proposed Settlement was Reached with the help of a Mediator and the Itria Objection provides no basis for Overturning the Settlement Efforts of the Parties**

By way of brief history, the 9019 Motion seeks entry of an order approving a global settlement of two pending adversary proceedings before this Court regarding (i) the Trustee's objection to the Debtor's discharge and (ii) certain chapter 5 claims against the Insider Defendants, specifically for the transfer of an interest by the Debtor to the Insider Defendants in 9 Hoboken, LLC" or "Nine Hoboken, LLC" ("Nine Hoboken"), which is a restaurant and bar. In exchange the Defendants have agreed to pay the estate $65,000. Indeed, the Defendants have already paid the full settlement amount of $65,000.

Based upon information and belief, Itria is a purported creditor of the Debtor for certain business debt that the Debtor appears to have essentially guaranteed.

The Trustee notes initially in no way is the Trustee seeking to resolve any independent claims of Itria may have against the Defendants. This is a point noted in both the 9019 Motion and the Settlement Agreement. *See* Main Case Docket No. 44.[3]

Despite being almost 250 pages (largely of attachments), the Objection offers little analysis and substantive supporting information as to why this Court should reject the Settlement Agreement under Bankruptcy Rule 9019 and applicable case law, specifically *In re Martin*, 91 F.3d 389 (3d Cir. 1996).[4]

The crux of Itria's argument in support of objecting the Settlement Agreement appears to be (i) the Trustee can somehow secure a larger settlement amount/judgment and (ii) the Trustee has failed to meet some or all of the *Martin* factors.

Indeed, the following quotes from the Objection appear to be the most applicable portions of the Objection:

---

[3] The Trustee also notes that prior to the Trustee advancing his litigation against the Defendants', counsel for Itria called the Trustee as he was traveling in route to the mediation related to the adversary proceeding brought by Itria against the Debtor. In an effort to judiciously resolve all the matters before this Court, counsel for the Trustee offered to participate in a mediation conducted by Itria and the Debtor and arrange for the Trustee to be available by phone if needed. The hope of the Trustee was to avoid the cost of litigation if possible. In spite of this proposal – Itria did not take the Trustee up on his offer and the Trustee proceeded with his litigation against the Defendants.

[4] As noted in the 9019 Motion, the Third Circuit recognizes four (4) factors (the *"Martin* Factors") which should be considered before approving settlements in bankruptcy cases: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).

115 Maple Avenue
Red Bank, NJ 07701
732-383-7233|Phone
732-383-7531|Fax
www.mchfirm.com

- Itria believes and avers that Nine Hoboken has a total value of $1,500,000, and that the value of the Debtor's 50% transferred membership interests is worth $750,000, and his transfers of them should be avoided and recovered for the benefit of the estate to the extent of such value. Notably, the Trustee's Motion simply states the Trustee does not know what the value is.

- Given the simple and straightforward nature of the claims brought by the Trustee in the Fraudulent Conveyance Action, and the only substantive defense having been raised by Priti and Jignesh Patel therein being reasonably equivalent value, the case is not complicated, and it does not appear that either significant litigation or extensive collection efforts would be required for the Trustee to obtain a result of significantly greater benefit to the estate.

*See* Main Case Docket No. 55.

As noted in the 9019 Motion, the Settlement Agreement was reached after extensive good faith negotiations and mediation with Peter Broege, Esq. (the "Mediator"), including a lengthy meeting with the Mediator.

The Trustee notes his reluctance to transcribe mediation and settlement discussions into pleadings but will seek to provide some further context for the proposed settlement based upon the efforts of the Mediator and the mediation session.

The general issue noted in the Objection, namely could the Trustee secure a higher settlement/judgment amount was vigorously debated and discussed under the supervision of the Mediator. Moreover, based upon information and belief, the Mediator was provided with certain confidential documents and information that was not disseminated to opposing parties. The Settlement Agreement comes with the recommendation of the Mediator following his review of all the parties' information – including the defense analysis of the Insider Defendants.

As to the value of the business, Itria notes the higher projected value of Nine Hoboken but it provides no support for the net valuation of the business. As noted in the 9019 Motion, Nine Hoboken is an ongoing business that is not itself in bankruptcy. The Trustee has no authority to operate the business and/or sell the entire business without commencing a new proceeding to compel a sale under section 363 (h) of the Bankruptcy Code. Any sale will involve significant administrative expenses including the cost to compel a sale of Nine Hoboken and then, if successful, the marketing and sale of the business.

Additionally, Itria notes the limited financial information the Trustee had access to in determining the value of certain assets   The Trustee agrees that the Debtor should

have been more forthcoming with financial information very early in these proceedings as the Trustee requested – that was among the reasons why the Trustee objected to the Debtor's discharge. However, the amount of the proposed settlement was determined as part of the mediation with the guidance of the Mediator.

**The Proposed Global Settlement Meets the Standards for Approval under *Martin***

As set forth more fully in the 9019 Motion, the Trustee submits that the Settlement Agreement meets the standards for approval under the *Martin* Factors.

i. **The Probability of Success in Litigation**

Further litigation will require additional time, effort, and expense to litigate with the need to file additional litigation to compel a sale Nine Hoboken.

The Trustee will need to meet his burden under section 727 of the Bankruptcy Code to have the Debtor's discharge denied.

The Trustee will also not only need to be successful in his litigation against the Insider Defendants to determine the actual current ownership structure of Nine Hoboken, the Trustee will then, if successful, likely need to begin another proceeding to compel a sale of the business from any joint owners. Moreover, the Trustee will have no authority to operate the non-debtor business should he eventually be successful in a proceeding to compel a sale of Nine Hoboken.

The Defendants have all asserted various defenses. Some of which were reviewed in detail by the Mediator to help the parties reach the proposed global settlement, including the defense of the Insider Defendants that they did provide consideration to provide a defense to the constructive fraudulent conveyance transfer the Trustee seeks to avoid under sections 544 and 548 of the Bankruptcy Code. Without the Debtor's cooperation, the estate's claims against the Insider Defendants will also be further difficult to prosecute.

The probability of success in further prosecuting the estate's claims against the Defendants is not certain and the benefits of this risk do not outweigh the certainty of the Settlement Amount, which the Trustee has already received and thus there is now no risk of default.

ii. **The Likely Difficulties in Collection**

Itria appears to argue that the Trustee should have no difficulties in collecting on an eventual judgment against the Defendants. However, this ignores what appears to be

the years of apparent litigation efforts Itria has already conducted against some or all of the Defendants with no apparent collection having been made.

Moreover, the Debtor has no known assets to collect. Additionally, as discussed in mediation discussions, the Insider Defendants appear to be expending their financial resources on other projects.

The likelihood of difficulty in collecting on any decision in favor of the estate will only increase as time progresses, which will prolong the bankruptcy proceeding and delay the collection on potential claims against the Debtor and claims/counterclaims by the Defendants.

As noted, the estate will incur additional administrative expenses as to the cost of litigation associated with prosecuting various adversary proceedings.

There is no risk as to the collection of the Settlement Amount, as it has already been turned over to the Trustee. Moreover, the Settlement Agreement also provides for the Defendants to be jointly and severally liability for not only the Settlement Amount but also have to further agreed to a Consent Judgment in the amount of $200,000 if the Settlement Amount were not timely paid the Trustee.

### iii. The Complexity of the Litigation Involved

As noted above and in the Defendants answers, the Defendants have asserted various defenses that will require the use of all the parties limited resources to litigate factual and legal issues.

Many of these issues were already initially vetted by the Mediator to help the parties reach the Settlement Agreement. However, the work of the Mediator is not easily reproduced and will require the duplication of efforts and the use of limited resources to revisit issues already addressed as part of mediation and settlement discussions.

### iv. The Paramount Interest of the Creditors

The paramount interests of the estate's creditor body are served with the approval of the Settlement Agreement as the proposed settlement will help advance the closure of the only known assets of the estate, without the estate incurring further unnecessary expenses.

The Trustee notes that the proposed settlement is projected to dramatically reduce further administrative expenses in an already contentious case. Indeed, the Settlement Amount represents all the resources of the estate.

The estate has no substantial resources to further fund litigation in various separate adversary proceedings involving different causes of action, which will likely not result in any further net benefit to the estate.

Here, the Trustee has already received the settlement payment and is ready to immediately move this case towards closure and make a distribution to creditors.

**In Summary and Pursuant to Section 105 of the Bankruptcy Code, the Settlement Agreement is Fair and Equitable and Should be Approved**

The proposed settlement also provides more to the estate than likely would be obtained through lengthy litigation and resolves the disposition of the only known assets of the estate which should allow for moving this case towards closure. Thus, the settlement is fair, reasonable, and in the best interests of creditors and the estate.

The alternative to denying the relief sought in the 9019 Motion and overturning the efforts of the Mediator and the parties will only likely result in extensive and costly litigation with no benefit to creditors.

The Trustee respectfully requests the relief sought in the 9019 Motion, pursuant section 105 of the Bankruptcy Code, Bankruptcy Rule 9019, and applicable case law, including, *Martin*, 91 F.3d 389; and grant such other, further, and different relief as this Court deems just, proper, and equitable.[5]

Finally, the Trustee notes he has no objection to the alternative relief sought by Itria, specifically the preservation of Itria's rights to pursue a charging order under state law against the Defendants.[6]

Respectfully submitted,

*/s/    Brian T. Crowley*
BRIAN T. CROWLEY

cc:   Michael P. Otto, Esq. (via e-mail at motto@ottolawoffice.com)
      Emil S. Cuccio, Esq. (via e-mail at escuccio@aol.com)
      John J. Winter, Esq. (via e-mail at jwinter@chartwelllaw.com)

---

[5] As no novel issue of law is raised and the relevant authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the requirement of D.N.J. LBR 9013-1 of filing a brief be waived.

[6] The Trustee does note that no assets are being sold to any party by the estate. The Trustee is abandoning his interest Nine Hoboken back to the Debtor as part of the Settlement Agreement.